SCAD-19-0000416

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

---

OFFICE OF DISCIPLINARY COUNSEL,
Petitioner,

vs.

SUZANNE T. TERADA,
Respondent.

---

ORIGINAL PROCEEDING
(ODC NOS. 16-O-008, 16-O-049, 16-O-365)

ORDER OF SUSPENSION
(By: Recktenwald, C.J., Nakayama, J.,
and Circuit Judge Ochiai, in place of Mckenna, J., recused,
with Pollack, J., dissenting, with whom Wilson, J., joins)

Upon consideration of the June 3, 2019 report of the Disciplinary Board of the Hawai'i Supreme Court, the briefing submitted by Respondent Suzanne T. Terada and the Office of Disciplinary Counsel (ODC), and the record in this matter, we make the following Findings of Fact by clear and convincing evidence, and reach the following Conclusions.

In ODC Case No. 16-O-008, we find that the record contains sufficient evidence to demonstrate that the Office of Disciplinary Counsel failed to carry its burden of demonstrating

that Respondent Terada failed to explain the purpose of the $25,000.00 paid by her client into her client trust account, to be held in contingency for the final costs associated with the closure of the estate of the client's mother.  In all other respects, we confirm the Findings of the Disciplinary Board in its report.  We therefore conclude that, in Case No. 16-O-008, Respondent Terada's conduct violated Rules 1.3, 1.4(a)(2), 1.4(a)(3), 1.4(a)(4), 1.15(d), and 1.16(d) of the Hawaiʻi Rules of Professional Conduct (HRPC) (2014).

In Case No. 16-O-049, we confirm the Findings of the Disciplinary Board in its report, and therefore conclude the Respondent's conduct violated HRPC Rules 1.15(d), 1.15(e), and 8.4(c).

In Case No. 16-O-365, we confirm the Findings of the Disciplinary Board and conclude that Respondent Terada's conduct therefore violated HRPC Rules 1.1, 1.4(a)(3), 1.4(a)(4), 1.16(d), and 8.4(c), but also conclude a review of the record demonstrates, as alleged by the Office of Disciplinary Counsel, that the Respondent signed an affidavit that she knew did not represent the truth and knew, or should have known, that it would be submitted to the bankruptcy court, in violation of HRPC Rule 3.3(a)(1).

In particular, we note the Board's Finding, based upon the Hearing Officer's role as finder of fact, that the Respondent acted with wilful intent in two of the client matters, and caused, or threatened to cause, financial and other injuries to all three clients.  Absent mitigating circumstances, such conduct warrants disbarment.  See, e.g., ODC v. Cusmano, No. 22770 (January 5, 2000).

In aggravation, we find that Respondent's conduct

2

evinced a pattern of misconduct (of delay, a refusal to act with diligence, and a refusal to communicate with others), multiple offenses, deceptive conduct during the disciplinary proceedings, and a refusal to acknowledge the wrongful nature of her conduct. We also find one of her clients was vulnerable, and that she has substantial experience in the practice of law.

In mitigation, we find the Respondent has a strong record of community service, has a clean disciplinary record, and bore extraordinary personal stressors during the relevant time that were a factor in her failure to communicate or act with diligence, and which mitigate against a more severe discipline. Nevertheless, we conclude a period of suspension is warranted. Therefore,

IT IS HEREBY ORDERED that Respondent Suzanne Terada is suspended from the practice of law for a period of eighteen months, effective 30 days after the entry date of this order, as provided by Rules 2.3(a)(2) and 2.16(c) of the Rules of the Supreme Court of the State of Hawaiʻi (RSCH).

IT IS FURTHER ORDERED that Respondent Terada shall, within 10 days after the effective date of her suspension, file with this court an affidavit that she has fully complied with RSCH Rule 2.16(d).

IT IS FURTHER ORDERED that Respondent Terada shall complete an audit of her practice, by the Practicing Attorney Liability Management Society or similar organization, within 60 days of the commencement of her suspension and shall file a declaration with ODC and the Disciplinary Board within 30 days after completion of the audit, attesting to its successful completion, though an extension shall be available based upon demonstration of good cause.

3

IT IS FURTHER ORDERED that Respondent Terada shall bear the cost of the disciplinary proceedings, upon approval by this court of a timely filed verified bill of costs from ODC, pursuant to RSCH Rule 2.3(c).

DATED: Honolulu, Hawai'i, June 29, 2020.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Dean E. Ochiai



4